FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 07, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LISA M. S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO:  4:22-CV-5111-RMP <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER |

BEFORE THE COURT, without oral argument, are cross-motions for summary judgment from Plaintiff Lisa M. S.[1], ECF No. 10, and Defendant the Commissioner of Social Security (the "Commissioner"), ECF No. 11.  Plaintiff seeks judicial review, pursuant to 42 U.S.C. §§ 405(g) of the Commissioner's partial denial of her claim for Social Security Income ("SSI") under Title XVI of the Social Security Act (the "Act").  *See* ECF No. 10 at 1–2.

---

[1] In the interest of protecting Plaintiff's privacy, the Court uses Plaintiff's first name and middle and last initials.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 1

Having considered the parties' briefs, the administrative record, and the applicable law, the Court is fully informed.  For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment and directs entry of judgment in favor of the Commissioner.

## BACKGROUND

### *General Context*

Plaintiff initially applied for disability benefits in June 2013 and did not appeal the agency's final, adverse decision, issued in 2015.  Administrative Record ("AR")[2] 119–41.  On March 22, 2018, Plaintiff protectively filed for SSI, alleging an onset date of September 2, 2010.  AR 28, 256–64.  Plaintiff asserted that she was unable to work due to depression, bipolar disorder, social anxiety, post-traumatic stress disorder ("PTSD"), attention deficit disorder, seizures, memory issues, head injuries, cysts in her wrists, vision problems, migraine headaches, and temporomandibular joint dysfunction ("TMJ").  *See* AR 290.  Plaintiff's application was denied initially and upon reconsideration, and Plaintiff requested a hearing.  *See* AR 197–98.

On May 26, 2021, Plaintiff appeared by telephone, represented by her attorney Chad Hatfield, at a hearing held by Administrative Law Judge ("ALJ") Jesse

---

[2] The Administrative Record is filed at ECF No. 8.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 2

Shumway from Spokane, Washington.  AR 90.  The ALJ heard from Plaintiff as

well as vocational expert ("VE") Michael Swanson.  AR 60–92.  ALJ Shumway

issued a partially unfavorable decision on June 9, 2021, and the Appeals Council

denied review.  AR 1–14, 28–39.

### *ALJ's Decision*

Applying the five-step evaluation process, ALJ Shumway found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since March

22, 2018, the application date.  AR 32.

**Step two:** Plaintiff has the following severe impairments: ADHD; depressive

disorder; bipolar disorder; anxiety disorder; PTSD; degenerative arthritis lumbar

spine; and non-epileptic seizure disorder.  AR 32 (citing 20 C.F.R. § 416.920(c)).

**Step three:** The ALJ concluded that Plaintiff does not have an impairment, or

combination of impairments, that meets or medically equals the severity of one of

the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§

416.920(d), 416.925, and 416.926).  AR 32.  With respect to Plaintiff's physical

impairments, the ALJ memorialized that he considered listings 1.15 (disorders of the

skeletal spine resulting in compromise of a nerve root(s)) and 11.02 (epilepsy).  In

assessing the severity of Plaintiff's mental impairments, the ALJ considered listings

12.04, 12.06, 12.07, 12.11, and 12.15 and whether Plaintiff satisfied the "paragraph

B" criteria.  AR 32.  The ALJ found that Plaintiff is moderately limited in

understanding, remembering, or applying information; in interacting with others; in

concentrating, persisting, or maintaining pace; and in adapting or managing oneself.

AR 32–33.  Therefore, the ALJ found that Plaintiff did not exhibit a marked

limitation in a broad area of functioning.  AR 32–33.

The ALJ also memorialized his finding that the evidence in Plaintiff's record

fails to satisfy the "paragraph C" criteria, reasoning that Plaintiff "has only marginal

adjustment, that is, a minimal capacity to adapt to changes in the claimant's

environment or to demands that are not already part of the claimant's daily life."

AR 33.

**Residual Functional Capacity ("RFC"):** The ALJ found that, since March

22, 2018, Plaintiff has been able to perform "a full range of light work as defined in

20 CFR 416.967(b) except: she cannot climb ladders, ropes, or scaffolds, and can

only occasionally perform all other postural activities; she can have no exposure to

hazards, such as unprotected heights and moving mechanical parts; she cannot

operate a motor vehicle; she is limited to simple, routine, repetitive tasks; she can

have no contact with the public; she can work in proximity to, but not in

coordination with, coworkers; she can have only occasional contact with

supervisors; she would have nine absences per year; and she would be off task up to

10% of the workday."  AR 33–34.

In determining Plaintiff's RFC, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged physical symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully supported for the reasons explained in this decision."  AR 34.

**Step four:** The ALJ found that Plaintiff has been unable to perform any past relevant work since March 22, 2018.  AR 37 (citing 20 C.F.R. § 416.965).

**Step five:** The ALJ found that Plaintiff has at least a high school education and before May 26, 2021, was an individual closely approaching advanced age.  The ALJ further wrote, "Applying the age categories non-mechanically, and considering the additional adversities in this case, on May 26, 2021, the claimant's age category changed to an individual of advanced age.  AR 37 (citing 20 C.F.R. § 416.963).  The ALJ continued that "[b]efore May 26, 2021, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that [Plaintiff] is 'not disabled' whether or not [Plaintiff] has transferable job skills.  Beginning on May 26, 2021, [Plaintiff] has not been able to transfer job skills to other occupations."  AR 37.  The ALJ determined: "Before May 26, 2021, considering [Plaintiff's] age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed.

AR 38 (citing 20 C.F.R. §§ 416.969 and 416.969a)).  Specifically, the ALJ

recounted that the vocational expert identified the following representative

occupations that Plaintiff would have been able to perform before May 26, 2021,

with the RFC that the ALJ formulated: garment sorter (light, unskilled work with

approximately 125,000 jobs in the national economy); basket filler (light, unskilled

work with approximately 100,000 jobs in the national economy); and egg sorter

(light, unskilled work with approximately 62,010 jobs in the national economy).  AR

38.  The ALJ concluded that Plaintiff was not disabled before May 26, 2021 but

became disabled on that date and continued to be disabled through the date of the

ALJ's decision.  AR 38–39.

Plaintiff sought review of the unfavorable portion of the ALJ's decision in this

Court.  ECF No. 1.

## LEGAL STANDARD

### *Standard of Review*

Congress has provided a limited scope of judicial review of the

Commissioner's decision. 42 U.S.C. § 405(g).  A court may set aside the

Commissioner's denial of benefits only if the ALJ's determination was based on

legal error or not supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d

993, 995 (9th Cir. 1985) (citing 42 U.S.C. § 405(g)).  "The [Commissioner's]

determination that a claimant is not disabled will be upheld if the findings of fact are

1    supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.

2    1983) (citing 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere

3    scintilla, but less than a preponderance.  *Sorenson v. Weinberger*, 514 F.2d 1112,

4    1119 n.10 (9th Cir. 1975); *McCallister v. Sullivan*, 888 F.2d 599, 601–02 (9th Cir.

5    1989).  Substantial evidence "means such evidence as a reasonable mind might

6    accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

7    401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the

8    [Commissioner] may reasonably draw from the evidence" also will be upheld.  *Mark*

9    *v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the

10   record, not just the evidence supporting the decisions of the Commissioner.

11   *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989).

12   A decision supported by substantial evidence still will be set aside if the

13   proper legal standards were not applied in weighing the evidence and making a

14   decision.  *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir.

15   1988).  Thus, if there is substantial evidence to support the administrative findings,

16   or if there is conflicting evidence that will support a finding of either disability or

17   nondisability, the finding of the Commissioner is conclusive.  *Sprague v. Bowen*,

18   812 F.2d 1226, 1229–30 (9th Cir. 1987).

19   / / /

20   / / /

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 7

1    ***Definition of Disability***

2          The Social Security Act defines "disability" as the "inability to engage in any

3    substantial gainful activity by reason of any medically determinable physical or

4    mental impairment which can be expected to result in death, or which has lasted or

5    can be expected to last for a continuous period of not less than 12 months."  42

6    U.S.C. § 423(d)(1)(A).  The Act also provides that a claimant shall be determined to

7    be under a disability only if the impairments are of such severity that the claimant is

8    not only unable to do their previous work, but cannot, considering the claimant's

9    age, education, and work experiences, engage in any other substantial gainful work

10   which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).  Thus, the

11   definition of disability consists of both medical and vocational components.  *Edlund*

12   *v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

13         ***Sequential Evaluation Process***

14         The Commissioner has established a five-step sequential evaluation process

15   for determining whether a claimant is disabled.  20 C.F.R. § 416.920.  Step one

16   determines if they are engaged in substantial gainful activities.  If the claimant is

17   engaged in substantial gainful activities, benefits are denied.  20 C.F.R. §

18   416.920(a)(4)(i).

19         If the claimant is not engaged in substantial gainful activities, the decision

20   maker proceeds to step two and determines whether the claimant has a medically

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 8

severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with listed impairments acknowledged by the Commissioner to be so severe as to preclude any gainful activity.  20 C.F.R. § 416.920(a)(4)(iii); *see also* 20 C.F.R. § 404, Subpt. P, App. 1.  If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work that they have performed in the past.  If the claimant can perform their previous work, the claimant is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).  At this step, the claimant's RFC assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy considering their residual functional capacity and age, education, and past work experience.  20 C.F.R. § 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 9

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents them from engaging in their previous occupation. *Meanel*, 172 F.3d at 1113. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity, and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ISSUES ON APPEAL

The parties' motions raise the following issues regarding the ALJ's decision:

1. Did the ALJ erroneously assess the medical source opinions?
2. Did the ALJ erroneously discount Plaintiff's subjective complaints?
3. Did the ALJ erroneously invoke the *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), presumption regarding Plaintiff's mental impairments despite updated evidence of disabling functional limitations?
4. Did the ALJ fail to conduct an adequate analysis at step five?

### *Medical Source Opinions*

Plaintiff argues that the ALJ erroneously evaluated medical source opinions from: (1) treating physician Jason Osborn, DO; (2) examining psychologist, Kenneth

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 10

Cole, PsyD; and (3) examining psychologist Luci Carstens, PhD.  ECF Nos. 10 at 9–17; 12 at 2–9.

The Commissioner defends the ALJ's treatment of the medical source opinions, asserting that the ALJ's reasoning "cleared [the] low bar" that applies to ALJs' evaluation of medical opinions regarding claims for benefits filed after March 7, 2017.  ECF No. 11 at 7.

The regulations that took effect on March 27, 2017, provide a new framework for the ALJ's consideration of medical opinion evidence, and require the ALJ to articulate how persuasive he finds all medical opinions in the record, without any hierarchy of weight afforded to different medical sources.  *See* Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Instead, for each source of a medical opinion, the ALJ must consider several factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors such as the source's familiarity with other evidence in the claim or an understanding of Social Security's disability program.  20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the "most important" factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding.  20 C.F.R. § 416.920c(b)(2).  With respect to these two factors, the regulations provide that an

opinion is more persuasive in relation to how "relevant the objective medical evidence and supporting explanations presented" and how "consistent" with evidence from other sources the medical opinion is.  20 C.F.R. § 416.920c(c)(1). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record.  20 C.F.R. § 416.920c(b)(2), (3).  Courts also must continue to consider whether the ALJ's finding is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ..").

Prior to revision of the regulations, the Ninth Circuit required an ALJ to provide clear and convincing reasons to reject an uncontradicted treating or examining physician's opinion and provide specific and legitimate reasons where the record contains a contradictory opinion.  *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).  However, the Ninth Circuit has held that the Social Security regulations revised in March 2017 are "clearly irreconcilable with [past Ninth Circuit] caselaw according to special deference to the opinions of treating and examining physicians on account of their relationship with the claimant." *Woods v. Kijakazi*, No. 21-35458, 2022 U.S. App. LEXIS 10977, at *14 (9th Cir. Apr. 22, 2022).  The Ninth Circuit continued that the "requirement that ALJs provide 'specific and legitimate reasons' for rejecting a treating or examining doctor's

opinion, which stems from the special weight given to such opinions, is likewise incompatible with the revised regulations." *Id*. at *15 (internal citation omitted).

Accordingly, as Plaintiff's claim was filed after the new regulations took effect, the Court refers to the standard and considerations set forth by the revised rules for evaluating medical evidence. *See* AR 28, 256–64.

### Dr. Osborn

Plaintiff argues that the ALJ failed to properly consider the supportability or consistency of Dr. Osborn's disabling assessment of Plaintiff's limitations. ECF No. 10 at 10. Plaintiff asserts that "check-box forms that do not stand alone, but are supported by other findings, shall be 'entitled to weight that an otherwise unsupported and unexplained check-form would not merit.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014)). Plaintiff further argues that the ALJ was wrong to reject Dr. Osborn's opinion based on record evidence of "normal gait and motor deficits" because Dr. Osborn "did not base his opinion on gait, motor, or neuro deficits" and instead found that Plaintiff "suffers severe low back pain and bilateral leg pain, numbness of the legs, knee pain, and swelling of the lower extremities." *Id.* (citing AR 1142).

The Commissioner responds that Plaintiff points to no evidence that supported Dr. Osborn's check-box opinion. ECF No. 11 at 8. The Commissioner adds, "For example, when asked to explain his check-box finding that Plaintiff would miss four

or more days of work per month, Dr. Osborn wrote nothing at all.  And as the ALJ pointed out, Dr. Osborn's own treatment notes offered no insight into Plaintiff's functional limitations, as his physical examinations showed no objective abnormalities that would suggest the extreme absenteeism Dr. Osborn reported." *Id.* at 8 (citing AR 26, 1042, 1045–46, 1063–64, 1067–68, 1071, 1075, 1078, 1081, 1084–85, 1088, 1091, 1094, 1097, 1103–04, 1107–08, 1111, 1114, 1118, and 1143). The Commissioner contends that Plaintiff is improperly asking this Court to reweigh the evidence when she argues that her normal gait and lack of neurological deficits had "no nexus" to the limitations that Dr. Osborn identified and Plaintiff's emphasis on imaging studies and clinical findings showing back problems.  *Id.* at 8–9 (citing ECF No. 10 at 10–12; *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022)).

Dr. Osborn completed a Medical Report form for Plaintiff on March 10, 2021. AR 1142–44.  Dr. Osborn opined that Plaintiff is limited to sedentary work and would miss four or more days on average per month, from a full-time work schedule, due to medical impairments.  AR 1143.  Dr. Osborn identified Plaintiff's diagnosis as "chronic low back pain" and her symptoms as severe low back and bilateral leg pain, numbness in her legs, knee pain, and swelling of her low extremities.  AR 1142.  Dr. Osborn found that Plaintiff had tenderness in both legs, swelling of her bilateral calves, and decreased sensation in her lateral thighs.  AR 1142.  Dr. Osborn opined that Plaintiff would have to lie down and/or elevate her

legs for several hours per day.  AR 1142.  Dr. Osborn opined that the limitations he

identified on the form existed since at least January 2020.  AR 1144.

The ALJ found Dr. Osborn's opinion to be unpersuasive because it is on a

"check-box form with no meaningful explanation."  AR 36.  The ALJ further found

Dr. Osborn's opinion "inconsistent with this provider's own chart notes, which

consistently document a normal gait and no motor or neuro deficits" and with

Plaintiff's "admitted ability to care for her ill mother, ride her horse, paint her house,

cook meals, clean, care for her animals, etc."  AR 36 (citing 1040–1125).  Lastly, the

ALJ noted that Dr. Osborn's opinion did not address "most of the relevant period,"

as Dr. Osborn limited his opinion to Plaintiff's state since January 2020.  AR 36.

The ALJ cited to substantial evidence of largely unremarkable clinical

findings with respect to Plaintiff's lower limb pain and numbness, including that

Plaintiff exhibited a normal gait, grossly intact sensation, and had unremarkable

imaging results.  *See* AR 1118, 1123–25.  Plaintiff maintains that Dr. Osborn did not

rely on the normal gait and motor or neuro deficit record evidence, but that only

underscores that Dr. Osborn did not make explicit what he relied on to support his

opinion.  The ALJ cited to substantial evidence in analyzing whether Dr. Osborn's

opinion was supported.  Moreover, it was not legal error for the ALJ to discount Dr.

Osborn's opinion because it lacked any explanation for the conclusions that he

reached about how limited Plaintiff is in her ability to work.  *See Molina v. Astrue*,

674 F.3d 1104, 1111–12 (9th Cir. 2012) (ALJ properly rejected physician assistant's opinion where it consisted of a check-the-box form and failed to provide supporting reasoning); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ permissibly rejected psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions"); *De Guzman v. Astrue*, 343 F. App'x 201, 209 (9th Cir. 2009) (ALJ was "free to reject" doctor's check-off report that did not explain basis for conclusions). Furthermore, the ALJ considered the consistency of Dr. Osborn's opinion with Plaintiff's reports to care providers and found the two at odds with each other. *See* AR 36. Finally, the ALJ reasonably considered the persuasiveness of Dr. Osborn's opinion given that Dr. Osborn limited it to beginning nearly two years into the relevant period. *See* AR 36, 1144. Having found that the ALJ considered the appropriate factors, and cited to substantial evidence to support his analysis, the Court finds no error with respect to Dr. Osborn's opinion.

### Dr. Cole

Plaintiff argues that the ALJ erroneously discounted Dr. Cole's disabling opinion based on its being in checkbox form when Dr. Cole "explained that [Plaintiff's] anxiety, depression, neurological deficits, and episodic sleep disturbances would affect her ability to work on a daily basis to a moderate extent." ECF No. 10 at 14–15 (citing AR 806). Plaintiff asserts that Dr. Cole's mental status

exam of Plaintiff supported his opinion by showing: "(1) thought process and content not within normal limits, with a tendency to ramble; (2) memory not within normal limits, with the ability to recall zero words after a five-minute delay; (3) fund of knowledge not within normal limits; (4) concentration not within normal limits, with impaired performance; (5) abstract thought not within normal limits; and (6) poor insight." *Id.* at 15 (citing AR 808–09).  In addition, Plaintiff argues that evidence in the record undermines the ALJ's reasoning that Plaintiff engaged only in "low-frequency mental health treatment," citing health records from April 2019 to March 2021 documenting "consistent impairment." *Id.* at 15–16 (citing AR 974, 977, 1078–79, 1127, 1130, and 1132).

The Commissioner responds that Dr. Cole "checked 13 boxes indicating different limitations in various work-related mental activities, but nowhere did he explain how he arrived at those precise conclusions." ECF No. 11 at 10 (citing AR 807).  The Commissioner continues that Plaintiff's argument amounts to her own assessment of the supportability of Dr. Cole's opinion, "had she been the trier of fact in this matter," but Plaintiff does not show that the ALJ's assessment was unreasonable. *Id.* (citing ECF No. 10 at 14–15).  The Commissioner contends that the largely normal mental status examinations in Plaintiff's treatment record, "other than some self-reported depression and anxiety, and occasional mildly-impaired judgment" are, indeed inconsistent with Dr. Cole's opinion, as the ALJ found. *Id.* at

10–11 (citing AR 620, 623, 783, 941, 947, 951, 967–68, 979–80, 982–83, 1078, 1081, 1088, 1091, 1094, 1097, 1104, 1107, 1134–35, and 1137–38).

Dr. Cole completed a Psychological/Psychiatric Evaluation of Plaintiff on February 27, 2019, for the Washington State Department of Social and Health Services.  AR 805–09.  Dr. Cole assesses Plaintiff as markedly impaired in four basic work activities, including completing a normal workday and work week without interruptions from psychologically-based symptoms.  AR 807.  Dr. Cole assessed Plaintiff as not limited, mildly limited, or moderately limited in all remaining basic work activities.  AR 807.  Dr. Cole opined that Plaintiff's overall severity rating is moderate and that the duration of her impairment was a "[m]aximum of 12 months, minimum 6 months."  AR 807.

The ALJ found Dr. Cole's opinion to be unpersuasive because it was in checkbox form with no meaningful explanation, not supported by as much testing as the opinion of Dr. Philip Barnard, who opined to mild or moderate limitations, and "inconsistent with the longitudinal record showing low-frequency mental health treatment and largely intact mental status exams."  AR 36–37 (citing AR 620, 622, 783, 941, 947, 951, 953, 967, 980, 982, 1078, 1081, 1088, 1091, 1094, 1097, 1104, 1107, 1127, 1130, 1132, 1134, and 1138).

As recited above, the ALJ could find Dr. Cole's opinion unsupported based on it consisting of checked boxes unsupported by any meaningful explanation.  *See*

*Molina*, 674 F.3d at 1111–12.  In addition, the ALJ cited to extensive evidence in Plaintiff's medical record that she presented at appointments in no acute distress with milder mental status examination findings than would corroborate her allegations of disability.  *See* AR 620, 622, 783, 941, 947, 951, 953, 967, 980, 982, 1078, 1081, 1088, 1091, 1094, 1097, 1104, 1107, 1127, 1130, 1132, 1134, and 1138).  The Court finds no error with respect to the ALJ's evaluation of Dr. Cole's opinion.

Furthermore, the Court does not independently analyze whether the ALJ erred with respect to the ALJ's assessment of Dr. Carstens' opinion, which was based entirely on a review of Dr. Cole's and Dr. Barnard's opinions.  *See* AR 795.  As Dr. Carstens did not provide any explanation for her conclusion and did not conduct any examination of Plaintiff or review of the medical record, the ALJ's lack of error in his treatment of Dr. Cole's and Dr. Barnard's[3] opinions is dispositive as to Dr. Carstens' opinion, as well.

The Court finds no error in the ALJ's evaluation of the last of the challenged medical source opinions, denies summary judgment to Plaintiff on this issue, and directs entry of judgment to the Commissioner on the same.

---

[3] Plaintiff does not challenge the ALJ's evaluation of the persuasiveness of Dr. Barnard's opinion.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 19

*Subjective Symptom Testimony*

Plaintiff argues that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's testimony and instead provided only vague assertions that Plaintiff's allegations were unsupported by objective medical evidence.  ECF Nos. 10 at 17 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880 (9th Cir. 2006) ("While an ALJ may find testimony not credible in part or in whole, he or she may not disregard it solely because it is not substantiated affirmatively by objective medical evidence.")).  Plaintiff further argues that the ALJ erroneously discounted Plaintiff's testimony based on: waxing and waning symptoms; allegations of a weak work history, without explanation or nexus to Plaintiff's disabling allegations; daily activities; and a single treatment note from March 2021 that the ALJ alleged showed malingering.  *Id.* at 17–18 (citing AR 34–36, 1064).

The Commissioner responds that the ALJ provided "multiple valid reasons for discounting Plaintiff's subjective complaints."  ECF No. 11 at 6.  The Commissioner asserts that the ALJ was permitted to consider whether Plaintiff's allegations were consistent with the objective medical evidence and relied on substantial evidence to conclude that they were not.  *Id.* at 4 (citing AR 35, 290, 620, 623, 783, 941, 947, 951, 967–68, 979–80, 982–83, 1078, 1081, 1088, 1091, 1094, 1097, 1104, 1107, 1134–35, 1137–38.; *Smartt*, 53 F.4th at 497–99)  With respect to the ALJ's partial reliance on Plaintiff's daily activities to support his treatment of her allegations, the

Commissioner asserts that "'[e]ven where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.'" *Id.* at 4–5 (citing *Molina*, 674 F.3d at 1112–13). The Commissioner submits that Plaintiff's medical record tells "a different story" from Plaintiff's testimony. *Id.* (citing AR 97–98 (Plaintiff testifying that her impairments prevented her from standing more than five or ten minutes at a time); 105 (Plaintiff testifying that she did not clean her mother's house and that she was unable to leave her house for ten days out of every month); 626, 982, 1042, 1067, and 1134 (records indicating that, as stated by the Commissioner, "Plaintiff actively cared for her elderly mother, who had fecal incontinence from Crohn's and fibromyalgia; Plaintiff also cleaned her house"); 332–34 (indicating that Plaintiff was independent in her personal care, prepared her own meals, and did her own shopping); 334 (indicating that Plaintiff went outside five out of seven days); 1091 (indicating that Plaintiff painted her house for several days, involving "a lot of reaching); and 800 (indicating that Plaintiff reported engaging in horseback riding as a sport and caring for horses as a hobby). The Commissioner further cites to caselaw permitting ALJs to weigh a claimant's limited work history against a claim of disability. *Id.* at 6 (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

1    In deciding whether to accept a claimant's subjective pain or symptom

2  testimony, an ALJ must perform a two-step analysis. *Smolen v. Chater*, 80 F.3d

3  1273, 1281 (9th Cir. 1996).  First, the ALJ must evaluate "whether the claimant has

4  presented objective medical evidence of an underlying impairment 'which could

5  reasonably be expected to produce the pain or other symptoms alleged.'"

6  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v.*

7  *Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  Second, if the first test is met and there

8  is no evidence of malingering, "the ALJ can reject the claimant's testimony about

9  the severity of [his] symptoms only by offering specific, clear and convincing

10  reasons for doing so." *Smolen*, 80 F.3d at 1281.

11    There is no allegation of malingering in this case. *See* AR 34.  Plaintiff

12  alleged the following impairment, as summarized in the ALJ's decision:

13    The claimant testified at the hearing that she suffers from disabling pain
   and mental health symptoms. She stated she has pain in her back and

14    legs, as well as persistent lower extremity swelling. She is unable to
   stand in one place for longer than 5-10 before needing to sit down

15    because of leg and back pain. She can only be on her feet for 10 minutes
   max before needing to sit/lie down and elevate her feet for about 30

16    minutes. She stated she needs to elevate her legs/lie down about 10
   times per day. She is unable to lift more than 10 pounds. The claimant

17    stated her wrist shakes and hurts, and she has headaches on almost a
   daily basis. The claimant [sic] she relies on her cousin to help care for

18    her and her animals. She stated she lost her license because of seizures.
   She stated she has severe depression and is often so depressed that she

19    cannot leave her house. The claimant stated that approximately 10 days
   a month she is unable to function because of depression—she

20    completely shuts down and does not answer the door or the phone.

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 22

AR 34.

The ALJ identified several reasons for not fully crediting Plaintiff's subjective symptom complaints: (1) Plaintiff's allegations "are inconsistent with her admitted functional abilities"; (2) Plaintiff has "engaged in drug-seeking behavior with exaggerated pain complaints on exam, suggestive of some degree of malingering or at least exaggeration of physical symptoms"; and (3) Plaintiff has a "weak work history that suggests the explanation for the [Plaintiff's] ongoing unemployment is likely something of longer standing than her current medical conditions."  AR 36.

While "the Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," an ALJ still may consider whether a claimant's activity level is inconsistent with her claimed limitations.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted).

Substantial evidence supports the ALJ's reasoning that Plaintiff's daily activities are inconsistent with her testimony about her limitations and symptoms. For instance, Plaintiff stated that she cannot lift anything heavier than ten pounds and no longer engages in hobbies or activities.  AR 100–02.  Plaintiff further stated that she visits her mother on Fridays and sits with her and occasionally gives her something to eat and drink, but in general her stepfather "does everything." AR 105. Plaintiff also testified that she can be on her feet for only approximately ten minutes

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 23

1   before needing to sit down and elevate her legs for a half-hour to one hour.  AR 98–

2   100.  However, the ALJ cited to evidence that throughout the relevant period of

3   March 2018 until June 2021 Plaintiff was caring extensively for her unwell mother.

4   At a medical appointment in August 2020, Plaintiff reported that she "spends most

5   of her time taking care of her mother" while her stepfather is at work, specifying that

6   she only has three days per week of respite from that work, that "her mother requires

7   bathing, changing and other care," and that Plaintiff "does her cleaning and

8   laundry."  AR 1131–32.  In September 2017, Plaintiff reported to a provider that she

9   "cleans" her mother's house.  AR 626.  In October 2018, Plaintiff again reported to a

10  provider that she was caring for her mother.  AR 982.  In February 2021, a provider

11  noted that Plaintiff reported gaining weight "while taking care of her mother."  AR

12  1040–42.

13      Other records cited by the ALJ also reflect greater physical abilities than

14  Plaintiff endorsed at the hearing.  For instance, a psychological examiner noted that

15  Plaintiff reported on March 21, 2018, that she "does not require help with self-care,"

16  lives independently, attends church sometimes, cares for her animals, "enjoys

17  horseback riding as a sport," and her hobbies include gardening, caring for and

18  training horses, and ballroom dancing.  AR 799–800.

19      The ALJ also cited to a record that indicates that Plaintiff admitted to using

20  pain pills not prescribed to her and left a medical appointment appearing "very

21

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 24

frustrated" after the provider recommended seeing a pain specialist and declined to give Plaintiff the prescription she requested.  AR 1061–62.  This evidence is sufficient support for the ALJ's reasoning that Plaintiff may have exaggerated her physical symptoms in seeking pharmaceuticals.

Finding that the ALJ provided at least two specific, clear, and convincing reasons, supported by substantial evidence, the Court finds no reversible error regarding the ALJ's evaluation of Plaintiff's subjective symptom statements.  On this issue, the Court grants judgment to the Commissioner on this issue and denies judgment to Plaintiff on the same.

### *Chavez Presumption of Non-Disability*

For cases filed within the Ninth Circuit involving a prior final agency decision of nondisability where the claimant subsequently files a new application for benefits, there is a presumption of continuing nondisability.  *Chavez*, 844 F.2d at 692–94 (holding that where the subsequent ALJ did not refer nor consider the first ALJ's findings, the first judge's determination was binding as a matter of res judicata).  An exception to the presumption is where a claimant proves "changed circumstances indicating a greater disability."  *Chavez*, 844 F.3d at 693 (internal quotation omitted).  "If the claimant has rebutted the presumption, '[t]he first administrative law judge's findings concerning the claimant's residual functional capacity, education, and work experience are entitled to some res judicata consideration in

subsequent proceedings,' unless there is new and material evidence related to those findings or a change in law or regulations." *Carla P. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 55813, *5 (W.D. Wash. Mar. 28, 2022) (quoting *Chavez*, 844 F.2d at 693; Social Security Acquiescence Ruling 97-4(9), 1997 SSR LEXIS 4.)

Plaintiff argues in her initial brief that the ALJ did not need to adopt the 2015 findings by the first ALJ because the updated medical evidence in the record "establishes worsening of [Plaintiff's] mental impairments and disabling contemporary medical source opinions, all of which constitute new and material evidence and a changed condition that warrant this ALJ's re-analysis of the prior ALJ's findings." ECF No. 10 at 8. Plaintiff asserts that the ALJ incorrectly found, by a boilerplate conclusion, that there was not new and material evidence regarding Plaintiff's psychological functioning since the first ALJ decision. *Id.* (citing AR 29).

The Commissioner responds that the ALJ found that Plaintiff had rebutted the *Chavez* presumption by showing changed circumstances including an increase in her physical symptoms and a change in the applicable rules. ECF No. 11 at 3 (citing AR 29). The Commissioner continues that the ALJ proceeded to consider all of the evidence in the record regarding Plaintiff's present claim and analyzed each step in the sequential evaluation process. *Id.* The Commissioner maintains that "[n]othing more was required." *Id.* The Commissioner argues that the remainder of Plaintiff's argument regarding the *Chavez* presumption Plaintiff is merely rephrasing her claim

that the ALJ incorrectly assessed the medical opinions and not showing an error that the ALJ improperly applied *Chavez*." *Id.*

Although Plaintiff filed a reply that addressed the remaining issues she raised, Plaintiff abandoned the purported *Chavez* issue in her reply. *See* ECF No. 12. The Court interprets Plaintiff's lack of reply as acknowledgement that the error she was asserting was with the ALJ's treatment of the medical source opinions, not with the ALJ's application of *Chavez*. *See* LCivR 7. Accordingly, the Court finds no basis to grant summary judgment to Plaintiff on this issue and directs entry of judgment to the Commissioner on the same.

### Step Five

Plaintiff contends that the ALJ erred at step five by ignoring "overwhelming medical and vocational evidence" that Plaintiff was not capable of performing other work during the relevant period. ECF No. 10 at 7–8. The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record that reflect all of a claimant's limitations. *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrock*, 240 F.3d at 1164. The ALJ may accept or reject these restrictions if they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

Plaintiff's argument assumes that the ALJ erred in evaluating the medical source opinions and Plaintiff's subjective symptom testimony. As discussed above, the ALJ's assessment of this evidence was not erroneous. Therefore, the RFC and hypothetical contained the limitations that the ALJ found persuasive and supported by substantial evidence in the record.  The ALJ's reliance on testimony that the VE gave in response to the hypothetical was proper.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The Court denies Plaintiff's Motion for Summary Judgment, and directs entry of judgment for the Commissioner, on this final ground.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant the Commissioner's Brief, **ECF No. 11**, is **GRANTED**.

3. Judgment shall be entered for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close the file** in this case.

**DATED** August 7, 2023.        _____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT IN FAVOR OF THE COMMISSIONER ~ 28